| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. S3-4:15CR00440AGF (JMB) |
| | ) | |
| PIERRE WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the pretrial motions filed by Defendant Pierre

Watson.   All pretrial motions were referred to United States Magistrate Judge John M.

Bodenhausen under 28 U.S.C.   § 636(b).   Defendant Watson filed a Motion to Dismiss

Count Eleven of the Third Superseding Indictment (Doc. No. 130), a Motion to Sever his

trial from that of the Co-Defendants (Doc. No. 131), a Motion to Sever Count Twelve from

the remaining counts (Doc. No. 132), and a Motion to Dismiss the Indictment based on

constitutional speedy trial grounds (Doc. No. 171).   The United States filed responses

opposing all of Defendant's motions.   (Doc. Nos. 154-157, 173).   The case is set for trial

on November 7, 2016.

Judge Bodenhausen held a hearing on June 24, 2016, at which the parties offered

argument, but no evidence or testimony, and thereafter issued a Report and

Recommendation ("R&R"), recommending that Defendant's motions to dismiss be

denied, and that the two motions to sever be denied without prejudice.   (Doc. #178.)

Defendant filed a general objection, stating that he objected "for all of the reasons

previously set forth in his motion to dismiss and accompanying suggestions."   (Doc. No.

180.)   The United States likewise filed a general response simply relying on its previously filed pleadings and the authority set forth in the R&R.

When a party objects to a Report and Recommendation in a criminal case, the court is required to "'make a de novo review determination of those portions of the record or specified proposed findings to which objection is made.'"   *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motions to sever and to dismiss, including listening to the arguments presented at the hearing.   Based on that review, the undersigned concludes that the Magistrate Judge made proper findings and correctly analyzed the issues, and therefore adopts and incorporates the R&R.

### A.   Motion to Sever Defendants (Doc. No. 131)

As set forth in the R&R, and acknowledged by Defendant at the hearing, Defendant's first argument, asserting potential *Bruton*[1] problems, is rendered moot by the prosecution's representation it will not seek to introduce, or will properly redact, any statements of co-Defendants that incriminate Defendant Watson.   *See United States v. Coleman*, 349 F.3d 1077, 1085-86 (8th Cir. 2003).   Defendant's second argument is that severance is necessary because he has reason to believe Shontell Hill and maybe Desiree Hill would be able to provide exculpatory testimony and they could not be compelled to testify in a joint trial.   This argument fails, however, because Defendant has not met his burden to establish that either co-Defendant is likely to testify, nor has he established that their testimony would substantially exculpate Defendant Watson.   The Magistrate Judge invited defense counsel to contact counsel for the co-Defendants to determine if they

---

[1] *Bruton v. United States*, 391 U.S. 123 (1968).

would be willing to testify on Defendant's behalf at a separate trial, and to supplement his motion if appropriate, but Defendant presented no further information.   Likewise, Defendant failed to establish that the testimony of either co-Defendant would substantially exculpate Defendant.[2]   Finally, as discussed in the R&R, the fact that some portion of the conspiracy "focuses on the separate actions and alleged conspiracy of defendants Shontell Hill and Desiree Hill" does not provide a persuasive basis for severance, as Defendant has neither asserted nor established a colorable claim of prejudice that cannot be addressed at trial.

## B.   Motion to Sever Count Twelve (Doc. No. 132)

Defendant's motion to sever Count Twelve, which charges Defendant Watson and co-Defendant Shontell Hill with witness tampering, is substantially the same as the argument Defendant asserted with respect to the second superseding indictment – which charged the same conduct in Count Six, without naming Shontell Hill by name.   And this Court denies the motion for the same reasons stated in the R&R dated April 4, 2016 (Doc. No. 93), which this Court adopted (Doc. No. 99).   *See United States v. Colhoff*, No. 15-2800, 2016 WL 4409347, at *2 (8th Cir. Aug. 19, 2016) (holding that joinder of witness tampering charge in prosecution for conspiracy to distribute controlled substances was

---

[2] As noted in the R&R, at the hearing, the Magistrate Judge declined to conduct an ex-parte hearing at which Defendant could proffer the evidence he expected the co-Defendants could offer, *citing United States v. McDonnell*, 792 F.3d 478 (4th Cir. 2015), *rev'd on other grounds*, __ S. Ct. __, 2016 WL 34615161 (June 27, 2016).   However, the Magistrate Judge did not preclude Defendant from making a proffer.   Rather, at the hearing the Magistrate Judge advised Defendant that although he was unlikely to consider an ex parte filing setting forth the information Defendant wished to proffer, Defendant was free to make such a filing and see if he could convince the Magistrate Judge to consider the information.   However, Defendant did not make any such ex parte proffer.

proper, and recognizing that the witness tampering charge is connected to and interrelated with the conspiracy).

Defendant's assertions that adding Shontell Hill as a co-Defendant raises additional concerns under either *Bruton* or *United Crawford v. Washington*, 541 U.S. 36 (2004) are unavailing. As set forth above, the United States has already represented that it does not intend to use or will properly redact any statements from any co-Defendant that might implicate *Bruton*. If the evidence involves co-conspirator statements (likely in the form of recorded telephone calls made in furtherance of the alleged witness tampering), such statements, if admissible as statements of co-conspirators under Fed. R. Evid. 801(d)(2)(E), would not violate the Confrontation Clause under either *Bruton* or *Crawford*. *United States v. Singh*, 494 F.3d 653, 658-59 (8th Cir. 2007); *United States v. Werb*, No. 15-153(4) (DSD/TNL), 2016 WL 355475, at *3 (D. Minn. Jan. 29, 2016).

### C.   Motion to Dismiss Count Eleven

Defendant has also filed a motion to Dismiss Count Eleven of the second superseding indictment. The basis of the motion is the same as Defendant asserted in his prior motion to dismiss Count Five, which is essentially the same as the current Count Eleven, except the victim account and name has been changed. The Magistrate Judge recommended that the motion be denied in his April 4, 2016 R&R, which this Court adopted and incorporated, and Judge Bodenhausen recommends that the current motion be dismissed for the same reason. Having reviewed the issues raised once again, the Court adopts the current R&R, and finds that the motion to dismiss Count Eleven should be denied for the same reasons as stated in the April 4, 2016 R&R and this Court's May 11 Order (Doc. No. 99).

## D.  Motion to Dismiss for Constitutional Speedy Trial Violation

Defendant has also filed a motion to dismiss the third superseding indictment, asserting violations of the constitutional right to a speedy trial under the Sixth Amendment.[3]   After a careful review of the record and the law, the Magistrate Judge determined that no Sixth Amendment speedy trial violation had occurred, and recommended in the R&R that the motion to dismiss be denied.

Following a de novo review, the Court adopts and incorporates the findings and conclusions in the Magistrate Judge's thorough R&R.   Initially, looking to the four-factor test of *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Court finds that the length of delay here is not presumptively prejudicial, within the meaning of *Matthews v. Lockhart*, 726 F.2d 394, 396-97 (8th Cir. 1984), for the reasons stated in the R&R.

Further, looking to all of the factors set forth in *Barker*, the Court finds that Defendant has not established a violation of his right to a speedy trial.   The delay here was neither unusual nor unreasonable, especially when one considers that a significant portion of the delay was a result of Defendant's alleged witness tampering, which occurred approximately two months after the initial indictment, and which the prosecution learned of only in January 2016.   Although the Magistrate Judge concluded that four months of the delay, between the initial indictment and the first superseding indictment, which made only minor changes to the charge, could arguably be weighed, somewhat, against the prosecution, the Court notes that during this period, Defendant had filed pretrial motions,

---

3 D initially filed a *pro se* motion to dismiss on speedy trial grounds, which also contained references to the Speedy Trial Act.   At the hearing, however, defense counsel obtained leave to file a motion to dismiss based on constitutional right to a speedy trial, and Defendant confirmed his desire to withdraw his *pro se* motion to dismiss and pursue, instead, the motion to be filed by defense counsel.

and the undersigned had not yet ruled on the objections to the first R&R.   Soon thereafter, the second superseding indictment was filed, adding the charge of witness tampering.   Thus, it appears that the same delay that resulted from the first superseding indictment would have resulted, in any event, from the pendency of Defendant's motions.   And most of that delay would have occurred, in any event, due to the reasonable determination of the United States to seek a superseding indictment to include the alleged witness tampering.   Although the United States could have continued to proceed against Shontell Hill and Defendant Watson in separate cases, it was not unreasonable for the United States to supersede to join these Defendants in a single case.   And as the Magistrate Judge noted, this case was promptly set for trial on the original indictment.   That trial date was thereafter continued at the request of Defendant on September 21, 2016, following a waiver of his Speedy Trial rights, and upon a proper finding that such a continuance was appropriate.   (Doc. No. 203.)

The remaining two factors under *Barker* also do not weigh in favor of finding a violation.   Defendant has waived his Speedy Trial rights several times during the course of these proceedings, in order to obtain more time properly to address issues raised by the case, and again, on September 21, 2016, waived those rights and requested a continuance of the most recent trial date of October 3, 2016.   Thus, the Court agrees that the third factor does not weigh toward a finding of a violation.   Nor has Defendant established any meaningful prejudice as a result of the delays.

For all of the above reasons, and the reasons stated in the R&R, the Court agrees with the Magistrate Judge that the *Barker* factors, whether considered separately or

together, do not support a finding of a constitutional right to a speedy trial under the Sixth Amendment.

<strong>CONCLUSION</strong>

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. 178] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and the Court overrules Defendant's objections to the Report and Recommendation [Doc. No. 180].

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever Defendants [Doc. No. 131] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever Counts [Doc. No. 132] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Eleven [Doc. No. 130] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment on Speedy Trial Grounds [Doc. No. 171] is **DENIED**.

A final pretrial conference will be scheduled by separate Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2016.